FILED BY ___ D.C.

05 DEC 22 PM 1: 23

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | |
|---|---|
| Mary E. McNally | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No. 03-2801-DV** |
| | ) |
| Methodist Healthcare and Methodist | ) |
| Healthcare Memphis Hospitals, and | ) |
| Randall "Randy" Secrease | ) |
| | ) |
| **Defendants.** | ) |

---

## JOINT ... ) PRETRIAL ORDER

---

A jury trial has been set in this matter before Honorable Bernice B. Donald beginning on

Monday, December 19, 2005 at 9:00 A.M. in Memphis, Tennessee.

## APPEARANCES FOR THE PARTIES

FOR PLAINTIFF:      Donald A. Donati
                    William B. Ryan
                    DONATI LAW FIRM, LLP
                    1545 Union Avenue
                    Memphis, TN 38104
                    901/278-1004

FOR DEFENDANTS:     David P. Jaqua
                    Jessica A. Neal
                    BUTLER, SNOW, O'MARA, STEVENS, & CANNADA, PLLC
                    6075 Poplar Avenue
                    Suite 500
                    Memphis, TN 38119
                    901/680-7200

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _____



## JURISDICTION

There are no jurisdictional questions pending in this cause; jurisdiction is conceded by the parties and found by the Court to be present.

## MOTIONS PENDING

There are no motions pending at this time.  The parties plan on filing various motions in limine.

## CONTENTIONS OF PLAINTIFF

Mary E. McNally has sued Methodist Healthcare and Methodist Healthcare Memphis Hospitals for sexual harassment under Title VII of the Civil Rights Act of 1964.  Ms. McNally has sued Randall "Randy" Secrease under the Tennessee Human Rights Act.  Ms. McNally alleges that Mr. Secrease created a hostile work environment and Methodist failed to take appropriate action against Mr. Secrease.

Ms. McNally began working for Methodist Healthcare as a radiologic technologist in 1994.  In 2001 she transferred from Methodist Central to Methodist North, where she worked in the radiology department from 2001 to 2004.  At all times during her employment, Ms. McNally received outstanding performance evaluations.  While working at Methodist North, Ms. McNally was sexually harassed by a fellow Methodist employee named Randy Secrease.  Mr. Secrease also worked in the Methodist North radiology department.  Mr. Secrease sexually harassed Ms. McNally on virtually every occasion they encountered each other in 2001 and 2002, such as when their shifts overlapped.  Mr. Secrease's sexual harassment ranged from repeated lewd verbal comments to physical assault.  Ms. McNally felt threatened, intimidated, and humiliated by Mr. Secrease's harassment, which was of a sexual nature.

Notably, prior to Mr. Secrease sexually harassing Ms. McNally, the management team at Methodist North knew that Mr. Secrease had a history of sexually harassing women who worked at Methodist North. The management team at Methodist North also knew that Mr. Secrease had a history of other offensive and bad conduct. Yet, despite this knowledge, Methodist failed to take appropriate corrective action against Mr. Secrease to prevent him from being able to continue to sexually harass women working at Methodist North. The sexual harassment policy that was in place at Methodist was weak and ineffective. Further, the management team at Methodist failed to adequately implement its sexual harassment policy.

As a result of Methodist's complete failure to take appropriate action against Mr. Secrease, Ms. McNally suffered serious emotional injuries, including, but not limited to, fright, worry, distress, depression, anxiety, humiliation, and embarrassment. Ms. McNally contends that she is entitled to compensatory damages as a result of the emotional harm she has sustained. In addition, Ms. McNally seeks an award of punitive damages to punish Methodist for the conduct its management team, which manifested an extreme and reckless indifference to the rights of Ms. McNally.

## CONTENTIONS OF DEFENDANTS METHODIST

Methodist contends that the conduct alleged by Plaintiff is not sufficiently severe or pervasive to constitute a hostile work environment under Title VII of the Civil Rights Act of 1964, as amended. Plaintiff's allegations involve simple teasing, offhand comments, and isolated incidents that do not rise to the level of a hostile work environment. Moreover, Plaintiff worked in the CT area of the Radiology Department at Methodist Hospital North on the weekdays. Randall Secrease worked in the X-ray area of the Radiology Department on the weekends. The CT area of the Radiology Department is separate and distinct from the x-ray

modality and other areas of the Radiology Department. Plaintiff worked an on-call shift on the weekend which occurred approximately once every six to eight weeks. Thus, Plaintiff had contact with the alleged harasser, Randall Secrease, only when she occasionally worked on call on the weekends and when either she or Randall Secrease would leave their respective work areas. Therefore, Plaintiff had very limited contact with Randall Secrease and any alleged harassment was extremely infrequent.

Plaintiff's claim is also without merit because the alleged harassment was not based on Plaintiff's gender. Conduct that is directed at the Plaintiff for reasons other than her gender cannot be used to establish a hostile work environment sexual harassment claim. Many, if not all, of the acts alleged by Plaintiff related to her sexual orientation. There is no cause of action or remedy under Title VII of the Civil Rights Act of 1964, as amended, for harassment based on sexual orientation.

Plaintiff contends that the harassment by Randall Secrease began in October of 2001. At all relevant times, Methodist maintained a harassment policy that directed employees who believed that they had experienced or witnessed harassment to report the conduct immediately to a member of management and/or Human Resources. Plaintiff did not report the alleged harassment by Randall Secrease to management until January 17, 2002. Upon learning of Plaintiff's allegations of sexual harassment, Methodist immediately began to investigate the matter and took prompt and reasonable action to correct and prevent any further harassment. Therefore, Defendant is not liable.

## STIPULATED FACTS

1.   Mary E. McNally is a female.

2.   Randall "Randy" Secrease is a male.

4

## PLAINTIFF'S CONTESTED ISSUES OF FACT

1.     Did Randy Secrease sexually harass other women working at Methodist prior to sexually harassing the Plaintiff?

2.     Was Methodist aware of Randy Secrease's sexual harassment of other women working at Methodist prior to the Plaintiff's complaints?

3.     Did Methodist fail to take reasonable and appropriate action against Randy Secrease in response to complaints of sexual harassment made against Mr. Secrease by women working at Methodist?

4.     Was Plaintiff was exposed to a hostile working environment because of her sex?

5.     When did Methodist become aware of Randy Secrease's sexual harassment of Plaintiff?

6.     Did Plaintiff suffer emotional harm as a result of: the sexual harassment by Randy Secrease; the failure of Methodist to prevent the sexual harassment from occurring; and the failure of Methodist to take appropriate action after it became aware of the sexual harassment by Secrease?

7.     Was Methodist recklessly indifferent to the Plaintiff's rights under Title VII?

8.     Did Methodist ratify or approve of Randy Secrease's sexual harassment?

9.     Did Randy Secrease prove himself to be unfit to continue working at Methodist and was Methodist reckless in continuing to employ Mr. Secrease?

## DEFENDANTS' CONTESTED ISSUES OF FACT

1.     Did the incident(s) of alleged harassment of Plaintiff by Randall Secrease occur?

2.     If the incident(s) of alleged harassment of Plaintiff by Randall Secrease occurred, was the incident(s) sufficiently severe and pervasive to alter the conditions of Plaintiff's employment?

3.     Were the acts alleged by Plaintiff because of her sex/gender, rather than her sexual orientation?

4.     Did Plaintiff regard the conduct of which she complains as undesirable or offensive?

5.     Prior to January 17, 2002, did Plaintiff report the alleged conduct to management in compliance with the complaint procedures provided by Methodist to report harassment?

6.     Did Plaintiff make adequate efforts to avoid the alleged conduct?

7.     Did Methodist take prompt and reasonable action when management learned of Plaintiff's allegations of sexual harassment to correct and prevent further harassment?

8.     Did Plaintiff suffer harm or injuries that were proximately caused by the alleged hostile environment?

9.     Does Plaintiff have cognizable monetary damages, taking into consideration the duty of mitigation?

## PLAINTIFF'S CONTESTED ISSUES OF LAW

1.     Whether Plaintiff has proved by a preponderance of the evidence that Defendants Methodist Healthcare and Methodist Healthcare Memphis Hospitals are liable for sexual harassment in violation of Title VII.

2.     Whether Plaintiff has proved by a preponderance of the evidence that she is entitled to an award of compensatory damages. If so, what amount of compensatory damages should be awarded to Plaintiff?

3.     Whether Ms. McNally has proved by a preponderance of the evidence that she is entitled to an award of punitive damages. If so, what amount of punitive damages should be awarded to Plaintiff?

4.     Whether Randy Secrease is liable to the Plaintiff under the Tennessee Human Rights Act.

## DEFENDANT'S CONTESTED ISSUES OF LAW

1.      Did Plaintiff prove hostile work environment sexual harassment under Title VII of the Civil Rights Act of 1964, as amended, by a preponderance of the evidence?

2.      Did Plaintiff prove by a preponderance of evidence that the alleged acts of Methodist were done with malice or reckless indifference to Plaintiff's federally protected rights so as to entitle Plaintiff to an award of punitive damages?

## PLAINTIFF'S EXHIBITS

### EXHIBITS PLAINTIFF MAY INTRODUCE

1.      Written Corrective Action notices issued to Randy Secrease by Gary Britt on: 11/20/1997, 8/4/2000, and 1/29/2002.

2.      Audio recording of Gary Britt.

3.      Performance evaluations of the Plaintiff.

4.      Performance evaluations of Randy Secrease.

5.      Any exhibits to depositions taken in this matter.

6.      Any exhibits identified or introduced by Defendants or Plaintiff.

Plaintiff reserves the right to supplement or amend this list and to introduce exhibits not listed herein for impeachment and rebuttal purposes. Plaintiff further reserves the right to introduce as exhibits any pleadings, motions, discovery responses or other documents either filed or served in this matter.

## DEFENDANTS' EXHIBITS

### EXHIBITS DEFENDANTS MAY INTRODUCE

1.      Associates Handbook of Methodist Healthcare dated August 1997;

2.      Handbook Acknowledgment of Mary McNally dated December 11, 1997;

7

3.    Employee/Personnel file of Mary McNally

4.    Department file of Mary McNally

5.    Statement by Mary McNally dated January 18, 2002;

6.    Notes by Mary McNally dated January 27, 2002, regarding telephone conversation with Sherri K.

7.    Memphis Police Department Incident Report # 0202007658ME;

8.    Equal Employment Opportunity Commission Charge of Discrimination Number 250-A2-00595 dated March 1, 2002

9.    Charge Information Form by Mary E. McNally dated March 1, 2002

10.    Notes to File (May 6, 2003) in EEOC file of Charge No. 250-2002-00595 investigator Greg Hardy's telephone conversation with Mary McNally and Julie Thomas

11.    Methodist Hospital Monthly Time Schedules from May 13, 2001 to June 5, 2004

12.    Pay records and time sheets for Mary E. McNally

13.    Notes by Sherry Kasaitis regarding complaint by Mary McNally;

14.    Notes entitled "Interview - Randy Secrease" by "Sherry Kasaitis, Beth DeBacker and J West"

15.    Statement by Beth DeBacker dated February 4, 2002;

16.    Note by Joanell West starting "1-17-02 per Beth DeBacker"

17.    Notes by Joanell West dated January 23, 2002 regarding Randy Secrease

18.    Notes by Joanell West dated January 28, 2002 regarding complaint by Mary McNally

19.    Notes by Joanell West dated January 28, 2002 regarding results of investigation of complaint by Mary McNally

20.    Chronology of complaint by Mary McNally regarding Randy Secrease by Joanell West

21.     Methodist Healthcare fax cover sheet dated January 22, 2002 to Robin Mathis from

Joanell West

22.     Methodist Healthcare fax cover sheet dated January 23, 2002 to Robin Mathis

23.     Statement by Christina Faller dated January 18, 2002;

24.     Map of Radiology Department at Methodist Hospital - North

25.     Methodist Healthcare Job Description/Performance Appraisal of Special Imaging

Coordinator

26.     Methodist Healthcare Job Description/Performance Appraisal for Lead CT Tech

27.     Letter to Randall Secrease dated April 16, 2002 from Lieutenant William L. Stites,

Security North regarding Withdrawal of Consent;

28.     Pay records and time sheets of Randy Secrease;

29.     Any exhibits to depositions taken in this matter

30.     Any exhibits identified or introduced by Plaintiff

        Defendants reserve the right to supplement or amend this list and to introduce exhibits

not listed herein for impeachment and rebuttal purposes.  Defendants further reserve the right to

introduce as exhibits any pleadings, motions, discovery responses or other documents either filed

or served in this matter.

## PLAINTIFF'S WITNESSES

### WITNESSES PLAINTIFF WILL CALL TO TESTIFY

1. Mary McNally
2. Julie Thomas

### WITNESSES PLAINTIFF MAY CALL TO TESTIFY

3. Gary Britt
4. Joanell West
5. Eddie Pirtle

6. Stacy Vickers
7. Shantisha Wherry
8. Robin Mathis
9. Sherry Kasaitis
10. Beth DeBacker
11. Charlotte Pankey
12. Debbie Newton
13. Candy Taylor
14. Gary Shorb
15. Margaret Crowe
16. Wesley Sloan
17. Becky Bishop
18. Allison Spradley
19. Will Erskine
20. Carol Wejnert
21. Donna Schutter
22. Tracey Long
23. Tim Deaton
24. Any witness identified by Defendants
25. Any witness identified by a deponent during depositions

Plaintiff reserves the right to supplement this witness list. Plaintiff also reserves the right

to introduce witnesses not listed herein for impeachment and rebuttal purposes.

**DEFENDANTS' WITNESSES**

WITNESSES DEFENDANTS MAY CALL TO TESTIFY

1.  Gary Britt
2.  Sherry Kasaitis
3.  Beth Debacker
4.  Donna Schutter
5.  Pam Gaia
6.  Debbie Newton
7.  Connye Young
8.  William Erskine
9.  Eddie Ezelle
10. Christina Faller
11. Tony Kleinjin
12. Tracey Long
13. Keith McCormick
14. John Porter
15. Wesley Sloan
16. Allison Spradley
17. Shawn Spradley

18.  Candy Taylor
19.  Robin Mathis
20.  Joanell West
21.  Randy Secrease
22.  Custodian of records of the Memphis Police Department
23.  Any witness identified by a deponent during depositions
24.  Any witness identified by Plaintiff

Defendants reserve the right to supplement this witness list.  Defendants also reserve the right to introduce witnesses not listed herein for impeachment and rebuttal purposes.

## DEPOSITIONS AND OTHER DISCOVERY DOCUMENTS

All depositions and answers to written interrogatories, or portions thereof, which are expected to be offered in evidence by the parties will be identified and furnished to opposing counsel at least five (5) days prior to trial.  All objections thereto will be made to the Court and opposing counsel prior to the start of trial.

## LENGTH OF TRIAL

This case is set for a jury trial on Monday, December 19, 2005.  The parties estimate that the trial will last 3-4 days.

IT IS SO ORDERED this the _16_ day of _December_, 2005

**UNITED STATES DISTRICT JUDGE**

APPROVED:

_____
Attorney for Plaintiff

_____
Attorney for Defendants Methodist Healthcare
And Methodist Healthcare Memphis Hospitals

12

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 47 in case 2:03-CV-02801 was distributed by fax, mail, or direct printing on December 23, 2005 to the parties listed.

---

W. Polk Tillman
LAW OFFICE OF W. POLK TILLMAN
5090 Mill Branch Rd.
Ste. 2
Memphis, TN 38130--036

William B. Ryan
DONATI LAW FIRM, LLP
1545 Union Ave.
Memphis, TN 38104

David P. Jaqua
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Donald A. Donati
DONATI LAW FIRM, LLP
1545 Union Ave.
Memphis, TN 38104

Honorable Bernice Donald
US DISTRICT COURT